```
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-15-2382 |
| NEXION HEALTH, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Veronica Thomas[1] ("Plaintiff" or "Thomas") has brought this action against Defendant Nexion Health, Inc. ("Defendant" or "Nexion"), alleging negligence[2]. Presently pending are Defendant's Motion for Summary Judgment or, in the alternative, to Transfer Venue (ECF No. 14); Plaintiff's Motion to Allow Time for Discovery under Rule 56(d) and Opposition to Motion for Summary Judgment (ECF No. 18); Plaintiff's Motion for Leave to Amend Complaint for Damages (ECF No. 23); and Defendant's Motion for Leave to File Sur-Reply (ECF No. 27). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendant's Motion to Transfer Venue (ECF No. 14) is GRANTED. Accordingly, this case

---

[1] Although Plaintiff filed the Complaint in this action *pro se*, she is now represented by counsel.
[2] Defendant avers that "Plaintiff's allegations in this matter are virtually indistinguishable from those she brought in the matter *Thomas v. Nexion Health at Lafayette, et al.*, pending the 15th Judicial District Court of Lafayette Parish, Louisiana, Docket No. C-201133981-C." Mot. for Summ. J., p. 7, ECF No. 14. In that matter, Plaintiff sought damages arising out of the same incident described in this case against, among others, Nexion Health at Lafayette, Inc. District Judge Eric Broussard entered judgment in favor of Nexion Health at Lafayette, Inc. in that case because Plaintiff did not timely submit her claim to a medical review panel as required by the Louisiana Medical Malpractice Act.

1

will be transferred to the United States District Court for the Western District of Louisiana. All pending arguments, including Defendant's arguments for summary judgment, will remain pending for disposition in the transferee court.

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). The facts of this case, construed in the Plaintiff's favor, are as follows:

On or about August 17, 2012, Plaintiff Veronica Thomas ("Plaintiff" or "Thomas"), a Louisiana citizen, "was being transported by Lafayette Care Center[3] when the driver [allegedly] operated the vehicle in a reckless and unsafe manner causing [Thomas] to fall backward and sustain injuries." Compl. at ¶ 4, ECF No. 1.[4] She alleges that the accident "was caused totally, solely and/or concurrently through the negligence and/or fault of Nexion in the following non-exclusive particulars, to-wit:"

    a. Operating a motor vehicle in an unsafe and reckless manner;
    b. Inattentiveness;
    c. Speeding;
    d. Careless operation of a motor vehicle;

---

[3] Plaintiff alleges that Defendant Nexion Health, Inc. ("Defendant" or "Nexion") does business as "Lafayette Care Center." Compl. at ¶ 1, ECF No. 1. In its Motion for Summary Judgment (ECF No. 14), Nexion objects that it "did not and does not own, operate, maintain or control the facilities, vehicles or persons at issue in this case . . . [and] did not employ the driver or the medical transport van at issue in this case." Mot. for Summ. J., p. 4, ECF No. 14. Plaintiff has subsequently sought time to "conduct discovery of [Nexion's] corporate representative(s) and others to show that Nexion Health, Inc. exercised dominating control over its subsidiaries and should therefore be held accountable to Plaintiff [a veil-piercing theory]." Mem. Supp. Pl.'s Opp'n, p. 4, ECF No. 18-1.

[4] Defendant has represented that these events, described in more detail in Plaintiff's Louisiana state case, occurred in Lafayette Parish, Louisiana. Mot. for Summ. J., p. 7, ECF No. 14. Plaintiff does not dispute that these events occurred in Lafayette Parish, Louisiana.

      e. Failure to discharge any and all duties owed to a person in the capacity of Plaintiff; and

      f. Violations of laws, statutes and/or regulations designed for the safety of the motoring public and/or their vehicles. *Id.* at ¶ 5.

As a result of the accident, Thomas "sustained injuries and/or damages, which are outlined in the following non-exclusive particulars, to-wit;"

    a. Medical Expenses;
    b. Loss of earnings and impaired earning capacity;
    c. Physical pain and suffering;
    d. Humiliation;
    e. Shame;
    f. Embarrasment;
    g. Isolation;
    h. Despair;
    i. Loss of Mobility;
    j. Mental Distress, worry and anxiety;
    k. Emotional trauma and insecurity;
    l. Permanent disability;
    m. Gross scarring and disfigurement;
    n. Loss of enjoyment of life and inconvenience;
    o. Punitive and Exemplary damages;
    p. Attorney's Fees
    q. Legal interest from the date of judicial demand; and
    r. All costs of court and expenses incurred in the prosecution of this litigation. *Id.*

Accordingly, Plaintiff has brought the present action, seeking "such damages in an amount reasonable." *Id.* She alleges that Nexion is a Maryland Corporation[5], that "[j]urisdiction is based on Diversity of Citizenship," pursuant to 28 U.S.C. § 1332, and that venue is proper in this court under 28 U.S.C. § 1391. *Id.* at ¶¶ 2-3. She requests "[t]rial by jury," "Judgment," "[l]egal interest thereon from the date of judicial demand until paid," and "[a]ll costs of these proceedings." *Id.* at ¶ 6.

---

[5] Defendant Nexion clarifies in its Motion for Summary Judgment that it is a Delaware Corporation with its principle place of business in Maryland. Mot. for Summ. J., p. 8, ECF No. 14.

It is undisputed that the underlying accident occurred in Louisiana, that the Plaintiff is a resident of Louisiana, and that the Defendant Nexion is a Delaware corporation with its principle place of business in Maryland. Nexion has now moved to transfer venue to the appropriate federal court in Louisiana.

## STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of showing that a transfer is in the interest of justice. *See Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). A district court has great discretion in determining whether to transfer a case under Section 1404(a). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

## ANALYSIS

Defendant Nexion has moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 105 (D. Md. 2014), on the grounds that "Plaintiff cannot state a cause of action for negligence against Nexion [] because [D]efendant

does not own, operate, maintain or control the facilities, vehicles, or persons at issue in the case." Mot. for Summ. J., p. 6, ECF No. 14. In support of this contention, Defendant has submitted the sworn affidavit of Brian Lee, General Counsel for Nexion Health [a separate entity from Defendant Nexion], who has indicated that he is "intimately familiar with the corporate structure and business of that entity and affiliates, including that of the [D]efendant in this matter." Lee Aff., p. 1, ECF No. 14-1. Mr. Lee states that "Nexion [] is a Delaware company with its principal place of business in Maryland" and that it "has no employees and is not involved in any patient care or facility financing." *Id.*

In opposition to the pending Motion for Summary Judgment, Plaintiff contends that granting the motion would be premature because Plaintiff has not had an adequate opportunity "to discover facts necessary to oppose Defendant's motion." Mem. Supp. Pl.'s Opp'n, p. 4, ECF No. 18-1. Plaintiff objects to Defendant's reliance on a single self-serving affidavit and requests time to conduct discovery "to show that Nexion [] exercised dominating control over its subsidiaries and should therefore be held accountable to Plaintiff." *Id.*; *see also Johnson v. Ross*, 419 F. App'x 357, 363 (4th Cir. 2011) ("The propriety of piercing the corporate veil should rarely be determined upon a motion for summary judgment. Instead, the propriety of piercing the corporate veil usually involves numerous questions of fact for the trier of the facts to determine upon all of the evidence.").

As an alternative to summary judgment, Defendant moves to transfer this matter to

the United States District Court for the Western District of Louisiana[6], pursuant to 28 U.S.C. § 1404(a). Mot. to Transfer Venue, p. 1, ECF No. 14. Plaintiff has not opposed transfer. For the reasons stated herein, this case will be transferred to the United States District Court for the Western District of Louisiana. All pending arguments, including Defendant's arguments for summary judgment, will remain pending for disposition in the transferee court.

I. This Case Could Have Been Brought in the United States District Court for the Western District of Louisiana

On a Motion to Transfer Venue, a court must first determine whether the action could have been brought in the transferee district. *See Aphena Pharma Sols.-Maryland LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 318 (D. Md. 2012). A federal district court may exercise personal jurisdiction over a nonresident defendant "if two conditions [are] satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)). Here, Defendant Nexion has agreed to "forego argument and analysis of Louisiana's state personal jurisdiction statute and constitutional principles of due process, . . . [and] to waive service and appear in the Western District of Louisiana (doing so without waiving and reserving all of its rights with regard to any other litigations)." Mot. to Transfer Venue, p. 9, ECF No. 14. Additionally, venue is proper in the Western

---

[6] Lafayette Parish, Louisiana, the site of Plaintiff's alleged injury, is located within the Western District of Louisiana.

District of Louisiana because "a substantial part of the events or omissions giving rise to [Plaintiff's] claim occurred" there. *See* 28 U.S.C. § 1391(a). Accordingly, this action could have been brought in the United States District Court for the Western District of Louisiana.

II. <u>The Proposed Transfer Will Better and More Conveniently Serve The Parties and Witnesses and Better Promote The Interests of Justice</u>

Having determined that a case could have been brought in the transferee forum, a court must proceed to determine if transfer is appropriate in the instant case. *See, e.g., MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-02109, 2013 WL 1224484, at *5 (D. Md. Mar. 26, 2013). When considering a motion to transfer pursuant to 28 U.S.C. § 1404(a), this court must consider the following factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *MTB Servs., Inc.*, 2013 WL 1224484 at *5. Here, a balancing of these factors weighs in favor of transfer.

  a. <u>Plaintiff's Choice of Forum is Entitled to Limited Deference</u>

A plaintiff's choice of forum is ordinarily "entitled to substantial weight." *Topiwala v. Wessell*, No. WDQ-11-0543, 2012 WL 122411, at *7 (D. Md. Jan. 12, 2012) (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)). However, a plaintiff's choice is afforded less weight "when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation." *Id.* (citing *Tse v. Apple Computer*, No. 05–2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006)). Here, Maryland is not Thomas' home. She indicates in the Complaint that she is a Louisiana citizen. Additionally, she indicates that her injury, and all events related to that injury, occurred in Louisiana. The only

7

connection to this forum seems to be Defendant Nexion's having its principle place of business in Maryland. Accordingly, Plaintiff's choice of forum is entitled to limited deference. *See, e.g., Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (Plaintiff's decision to bring suit in the District of Maryland entitled to limited deference where accident giving rise to suit occurred in Pennsylvania "and any negligent acts on the part of Defendants would have also occurred in Pennsylvania.").

      b.    <u>Witness Convenience and Access and Convenience of the Parties Favor Transfer</u>

A party claiming witness inconvenience " 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.' " *Topiwala*, 2012 WL 122411 at *7 (quoting *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)). The inconvenience of non-party witnesses is weighed more heavily than the inconvenience of party witnesses, "who are presumed willing to travel to another forum." *Id.* (citing *Atl. City Assocs. No. 2, LLC v. Reale*, No. CCB–11–0078, 2011 WL 1769842, at *3 (D. Md. May 9, 2011)). Transfer of venue is "inappropriate" where it will merely " 'shift the balance of convenience' " from plaintiff to defendant. *Id.* (quoting *Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)). Here, the Complaint suggests that all witnesses and evidence related to Plaintiff's claims are located in Louisiana. Plaintiff has not contended otherwise. If this action were to remain pending in this Court, it would cause great inconvenience to potential witnesses. As to the parties, the Plaintiff is a

resident of Louisiana and the Defendant, although a Delaware corporation with its principle place of business in Maryland, supports transfer.

  c. <u>The Interests of Justice are Best Served By Transfer</u>

The interest of justice " 'encompass[es] all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.' " *Topiwala*, 2012 WL 122411 at *8 (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)). As a general matter, Louisiana has a substantial interest in resolving tort actions for injuries sustained within the state, and involving Louisiana residents. Additionally, choice of law concerns weigh in favor of transfer. A federal court sitting in diversity applies the choice of law rules of the forum state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Maryland law, tort claims are governed by the tort law of the state in which the alleged wrong occurred. *See, e.g., Cecilia Schwaber Trust Two v. Hartford Acc. & Indem. Co.*, 437 F. Supp. 2d 485, 488 (D. Md. 2006). As Plaintiff alleges that she suffered an injury while being transported in Louisiana, Louisiana tort law is likely to govern her claims. A federal district judge sitting in Louisiana is best suited to hearing that case. *See Lynch*, 237 F. Supp. 2d at 618 ("Because the alleged tort occurred in Pennsylvania, that state's law will govern Plaintiff's claim. While this Court certainly could preside over litigation involving Pennsylvania law, federal district judges sitting in Pennsylvania are undoubtedly more familiar with that law. Thus, this factor weighs in favor of transfer. [citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) (noting public interest in having diversity cases tried in

9

forum familiar with governing law)]."). Therefore, the interests of justice weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue (ECF No. 14) is GRANTED. Accordingly, this case will be transferred to the United States District Court for the Western District of Louisiana. All pending arguments, including Defendant's arguments for summary judgment, will remain pending for disposition in the transferee court. A separate Order follows.

Dated: May 31, 2016                                            /s/  
                                                                       Richard D. Bennett  
                                                                       United States District Judge